Wolfe Thompson
NSB 6463
6785-4 S. Eastern Ave.
Las Vegas, NV 89119
702-263-3030
Attorney for Plaintiff

# United States District Court
# District of Nevada

| | |
|---|---|
| BEAR OMNIMEDIA LLC,<br><br>        Plaintiff,<br>VS.<br><br>RICK LASSITER dba BEAR INK; DOES I-X, ROE COMPANIES I-X<br><br>        Defendants. | No. 2:10-cv-1079-PMP-PAL<br><br>JUDGMENT & PERMANENT INJUNCTION |

  Plaintiff, Bear Omnimedia LLC, has submitted to the court for default judgment and permanent injunction against Defendant, Rick Lassiter dba Bear Ink, and the court having considered the Affidavit of Robert Thompson, and the records and files herein, finds and enters judgment as follows:

**JURISDICTION & VENUE**

 1. This is a complaint for Trademark Infringement, Unfair Competition, and False Description arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description), for relief under the Anti-Dilution Act, 15 U.S.C. § 1125(c), for common law breach of contract and unfair business practice, and for injury to business reputation.

JUDGMENT & PERMANENT INJUNCTION- PAGE **1**
3143



2.  This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

3.  This Court has personal jurisdiction over the defendant because a substantial part of the events or omissions giving rise to the claim occurred in Nevada.

4.  Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district, and it is reasonably foreseeable by defendant that a substantial amount of the harm alleged herein would occur in Nevada.

## PARTIES

1.  Plaintiff is a Nevada limited liability company in good standing. Plaintiff's principal place of business is in Las Vegas, Nevada. Plaintiff is the publisher of BEAR magazine and movies. BEAR is one of the longest-established periodicals and movie brands specifically geared toward gay men who are — or who admire — masculine men with body or facial hair, poetically and fancifully referred to as "Bears."

2.  Upon information and belief, Defendant RICK LASSITER (Lassiter) does business throughout the United States under the trade name "BEAR INK." Such defendant is in the business of selling clothing and other goods of interest to "Bears" as hereafter defined. Such defendant is not a member of the US military.

3.  The activities and operations of Lassiter involve or affect the interstate flow of, and have a substantial effect on, interstate commerce.



JUDGMENT & PERMANENT INJUNCTION- PAGE 2
3143

## PLAINTIFF'S "BEAR MARKS"

4.  To identify to plaintiff's customers its innovative blend of periodicals, DVD videos, and other products, on or about March 4, 2004, applied to register trademarks and servicemarks with the United States Patent and Trademark Office (the "PTO"). On June 30, 2006, the PTO approved plaintiff's application and issued a Certificate of Registration under Registration Number 3,106,110, in Int. Class 41, and issued a Certificate of Registration under Registration Number 3,106,111, in Int. Class 16. True and correct copies of such registration certificates are attached as Exhibits 1 &2, fully incorporated herein by reference, and collectively referred to hereafter as the "BEAR Marks." Plaintiff's marks are in the following form:



5.  In addition to DVDs, calendars, greeting cards, and magazines, plaintiff has also applied its mark to clothing since 2004.

## BREACH OF CONTRACT & DAMAGES

6.  After the effective date of the registration of plaintiff's BEAR Marks, plaintiff and Lassiter attended a variety of trade shows and conventions aimed at entertaining and selling products to Bears. At one such trade show/convention in 2010, plaintiff sold goods to Lassiter for resale pursuant to a written memorandum. Lassiter failed to pay plaintiff for such goods in the amount of $1514.00.



## LASSITER'S INFRINGING USE OF PLAINTIFF'S MARKS

7. Subsequently, plaintiff provided information and samples of its Marks applied to clothing to Lassiter for the purpose of having him quote on the cost of manufacturing clothing for plaintiff.

8. Fully aware that plaintiff owned the rights to the BEAR Marks, Lassiter counterfeited clothing bearing exact replicas of plaintiff's Marks. Lassiter have been selling such goods throughout the United States.

9. Lassiter's actual use of "BEAR" and plaintiff's distinctive typography and graphic oval element in its product promotion and advertising constitutes the use in commerce of a colorable imitation, copy and reproduction of plaintiff's BEAR Marks.

10. Lassiter's use of the BEAR Marks share an identical sight, sound and meaning. Lassiter's use of "BEAR" for its clothing is deceptively and confusingly similar to Plaintiff's long-standing trademarks.

11. Lassiter's clothing will be distributed and sold in the same types of retail channels and to the same classes of purchasers as plaintiff's family of products and services. Lassiter's products are aimed at the identical market to that of plaintiff's goods.

12. Lassiter's actions constitute trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1114 and § 1125(a).

## IRREPARABLE HARM

13. Lassiter's use of plaintiff's BEAR Marks is likely to cause confusion, mistake, or deception in the minds of the public.

14. Lassiter's infringement of the BEAR Marks constitutes a willful and malicious violation of plaintiff trademark rights, aimed at preventing plaintiff from continuing to build a business around a mark that it has long possessed.



JUDGMENT & PERMANENT INJUNCTION- PAGE 4
3143

15. Plaintiff will sustain irreparable harm if Lassiter is not permanently enjoined from further infringement of plaintiff's Marks.

### DAMAGES & ATTORNEYS FEES

16. Pursuant to 15 U.S.C. § 1117 plaintiff shall have judgment in the amount of $5,000 in damages for Lassiter's profit from selling goods with plaintiff's Marks.

17. The Court declares this to be an exceptional case and awards plaintiff its judgment for full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

### JUDGMENT & PERMANENT INJUNCTION

18. This cause having come on for hearing and by motion of plaintiff and the default of defendant having been entered, and the Court having been fully advised in the premises, it is hereby

19. ORDERED:

   a. Lassiter and his agents, servants, employees, successors, representatives and assigns, and all others in concert and privity with him are permanently enjoined from infringing, or falsely designating the origin of the BEAR Marks, from using the BEAR Marks in commerce in any way, and from injuring Plaintiff's reputation;

   b. Lassiter are ordered to provide the Court and plaintiff with a complete list of all third persons, including, without limitation, retailers, distributors, agents, employees or representatives of Lassiter, to whom Lassiter has supplied copies of any print publication that includes any of the BEAR Trademarks;

   c. Lassiter are further ordered to take all legal and equitable measures to regain possession of all copies of any items containing any of the BEAR Trademarks;



JUDGMENT & PERMANENT INJUNCTION- PAGE 5
3143

Lassiter are ordered to surrender all copies of all items that include any of the BEAR Trademarks for destruction; and

20. IT IS FURTHER ORDERED:

a. That this Court has jurisdiction over the parties to and subject matter of this action.

b. That jurisdiction over this cause is retained by this Court for the sole purpose of enforcement of compliance with this Injunction and for further orders and directions as may be necessary or appropriate from the construction and effectuation of this Judgment and Permanent Injunction.

c. Plaintiff shall have judgment on its state-law breach of contract claim in the amount of $1514 as indicated above;

d. Plaintiff shall have judgment in the principal amount of $5,000 according to 15 U.S.C. § 1117.

e. Plaintiff shall have judgment for reasonable attorneys' fees in the amount of $ 7,609.47.

Dated April _25, 2011.

_____
PHILLIP M. PRO
United States District Court Judge

Presented by,

/s/ Wolfe Thompson

_____
WOLFE THOMPSON, NSB 6463
Attorney for Plaintiff



JUDGMENT & PERMANENT INJUNCTION- PAGE 6
3143